Katherine Schworm, Appellee, v. Fraternal Bankers Reserve Society, Appellant.

**PLEADING:** Answer—Statutory Denial—Necessity of Proof Notwithstanding Reply.

1. The law supplies a denial of all allegations of an answer (except counterclaims). (Sec. 3622, Code.)

2. A reply (Sec. 3576, Code) alleging certain facts defensive to and in avoidance of matters alleged in the answer does not release defendant of the obligation to prove the allegations of his answer. (Sec. 3577, Code.)

PRINCIPLE APPLIED: (1) Plaintiff brought suit on a fraternal beneficiary certificate of insurance.

(2) Defendant pleaded in answer the constitution and by-laws of the order, alleging them to be a part of the certificate and that they required (a) ritualistic initiation, and (b) a signing of the certificate by the member, as a condition precedent to the validity of the certificate, and that the member (1) never was initiated and (2) never signed the certificate.

(3) Plaintiff (preserving the benefit of statutory denials) pleaded by reply that the "initiation" of the member had been *waived* by defendant.

*Held,* the reply pleading waiver of "initiation" did not release defendant from the necessity to prove and establish that "initiation" and "signing" were conditions precedent to the validity of the certificate, and the constitution and by-laws not having been admitted, the point could not be considered.

**APPEAL AND ERROR:** Exclusion of Documentary Evidence—Question Reviewable on Appeal. The *exclusion* by the trial court of offered documentary evidence leaves the record in the same condition, as far as the probative force of the document is concerned, as though such documentary evidence had never been offered, even though the document is set forth at length in the abstract.

**INSURANCE:** Fraternal Beneficiary Associations—Conditions to Membership—"Initiation." "Initiation" into a fraternal lodge is not a condition precedent to the validity of a certificate of insurance, simply from the fact that our statute (Sec. 1822, Sup. Code, 1913) defines such associations as those "having a lodge system with ritualistic form of work."

**TRIAL:** Evidence—Receiving for Special Purpose—Effect. Evidence admitted by the court for a specified limited purpose cannot be considered or treated as in the record for any other or wider purpose.

PRINCIPLE APPLIED: In an action on a fraternal certificate of insurance, it was material for defendant to prove the terms of the constitution and by-laws of its order. An offer of a document alleged to constitute such constitution and by-laws was rejected because of insufficient foundation. Later, plaintiff's witness, on cross-examination as to his connection with the certificate in question, testified that the book under which he acted was the same or similar to the one just offered and rejected. Thereupon certain sections of the book were offered and received as part of the cross-examination, the court limiting the reception of the same ''for the purpose of showing the understanding of the witness as to the by-laws and constitution in this respect.'' *Held,* the sections were received only for the specific purpose indicated and not for the general purpose of proving that they were a part of the by-laws and constitution.

**PLEADING:** Waiver—Necessity for Special Plea—Evidence Without Plea. *Evidence* of a waiver without any allegation of a waiver in the pleading is inadmissible and if admitted such evidence proves nothing. (Sec. 3629, Code.)

PRINCIPLE APPLIED: Plaintiff sued on a fraternal beneficiary certificate of insurance, attaching copy thereof which showed an agreement that neglect to make payments on or before the day it becomes due shall immediately make said certificate null and void. Payments had not been made in accordance with the said terms but plaintiff pleaded no waiver. Evidence, however, was received tending to show a waiver of the terms of payment. *Held,* the evidence so received was wholly unavailing.

*Appeal from Wapello District Court.*—HON. C. W. VERMILION, Judge.

MONDAY, JANUARY 25, 1915.

ACTION to recover on a certificate issued by the defendant. Judgment for the plaintiff. Defendant appeals. Opinion states the facts.—*Reversed.*

*M. H. Kelly* and *Roberts & Webber,* for appellant.

*A. W. Enoch, J. C. Mitchell,* and *Gilmore & Moon,* for appellee.

GAYNOR, J.—The plaintiff is the beneficiary in a benefit certificate for $1,000.00 issued by the defendant to her daughter, Fern Teter. The daughter died and the defendant refuses to pay, and plaintiff brings this action upon the certificate to recover the amount therein provided.

The defendant is a fraternal benefit society organized under the laws of this state, and doing business in this state.

On the 22d day of September, 1911, Fern Teter applied to the defendant to become a member of defendant's society, and for a certificate therein, and on the 13th day of October, 1911, the defendant company issued to said Fern Teter a certificate, the material parts of which are as follows:

"Witnesseth: That in the pursuance of the Articles of Incorporation and Constitution and By-Laws of said Society, and upon the representations contained in the application for this certificate, a copy of which is hereto attached, which articles of incorporation, constitution and by-laws, and all amendments hereinafter made thereto, and the said application are hereby referred to and made a part of this contract, Fern Teter of Ottumwa, Iowa, is accepted as a member of Home Lodge No. 1 located at Cedar Rapids, State of Iowa, and is entitled to all the rights, benefits, and privileges of a beneficial membership in the Fraternal Bankers Reserve Society, and has designated as beneficiary under this certificate, Katherine Teter, Mother, to whom shall be paid, upon satisfactory proof of the death of said member while in good standing, the sum of One Thousand Dollars, less the amounts of any and all disability benefits paid to said member during her lifetime, said payment to be made in accordance with the provisions of the By-Laws of the Fraternal Bankers Reserve Society."

To which certificate was attached the following provisions and made a part thereof:

"1. One monthly payment or assessment of the amount stated on the face hereof shall be paid upon the acceptance

of this certificate, and at least one monthly payment or assessment of like amount shall be due and payable each and every calendar month thereafter, without notice of any kind or character from anyone whomsoever, and in addition to said monthly payment or assessment, each and every beneficial member shall pay to the local lodge, of which he shall be a member, local lodge dues in such sums and amounts and at such times, as shall be determined and provided by the by-laws of said local lodge. All payments must be made to a duly authorized secretary or collector.

"2. Any beneficial member of this society, who, on the expiration of the last day of any calendar month, shall have failed to make such payments as have been regularly required as provided by the Constitution and By-Laws of this Society, or shall have failed to pay the amount of local lodge dues required by the lodge to which such member belongs, shall immediately be and become suspended without any notice whatever, and the certificate of membership of such member shall be absolutely null and void from the date of such suspension, and this Society shall not be liable for any benefits whatever under said certificate unless and until said member shall have fully complied with the requirements and provisions set forth in the Constitution and By-Laws of this Society for the reinstatement and restoration of said member and said benefit certificate.

"3. A member who has been suspended for a period not exceeding one month, may be reinstated by furnishing a certificate of good health on the form provided by the Supreme Lodge, and paying arrearages and making payment on certificate at least one month in advance.

"A member who has been suspended for a period exceeding one month but not exceeding three months, shall, in addition to the above requirements for reinstatement, also furnish a certificate of good health from a physician, satisfactory to the society.

"A member who has been suspended for a period exceed-

ing three months may become reinstated only by application and examination as if applying for original membership, and on payment of all assessments and local dues for which he may be in arrears.

"Provided that no reinstatement shall be deemed complete, restoring a suspended member to beneficial membership, until his application for reinstatement and certificate of good health shall have been received and approved by the Supreme Medical Examiner."

This is the certificate and the conditions of the certificate upon which suit is brought.

The plaintiff in her petition says that the defendant is a fraternal benefit society, organized in this state and under the laws thereof, with its principal place of business at Cedar Rapids, Linn county, Iowa; that the plaintiff's daughter procured a policy in said defendant company for the benefit of this plaintiff; that the home of the plaintiff and her daughter was at Wapello, Iowa; that due proof of death has been made and the company refuses to pay; and she asks judgment for the amount of the policy.

The defendant admits that on the 22nd day of September, 1911, Fern Teter made application to the defendant for membership in said society; that the application was made for membership in the home lodge of defendant, which is located at Cedar Rapids; that a certificate of membership, in compliance with such application, was written by defendant and forwarded by one R. D. Taylor, Acting Secretary of the Home Lodge, to one Gale B. Brown at Ottumwa, a duly authorized and acting deputy of the defendant, for delivery to said Fern Teter upon her compliance with the rules, regulations, requirements and conditions of such certificate, and the constitution and by-laws of the defendant association. (Defendant hereupon sets out the by-laws to which reference is made.)

Defendant further alleges that the by-laws provide that

the Supreme Secretary, as soon as the certificate of membership is issued, shall forward the same to the local secretary of the local lodge. Upon receipt of the certificate, the secretary shall notify the applicant, who shall present him or herself for initiation or obligation, and when he is initiated or obligated, and has paid not less than one monthly payment and one month's local dues in advance, and has, in all other particulars, complied with the laws, the certificate shall be delivered, and shall be in full force and effect, and no certificate shall be delivered unless the applicant is in good health at the time of the delivery; that said Fern Teter never presented herself for initiation or obligation, and in fact, was never initiated or obligated in defendant association, or to any lodge thereof; never paid any assessments of any kind or character, but has wholly failed and neglected and refused to make payments and to comply, in any particular, with the terms and requirements necessary and essential to membership in the association.

Defendant further states that if she ever became a member she forfeited all rights or claims against the defendant, if any she had, by reason of her suspension on account of her failure, neglect and refusal to make the monthly payments, and to comply with the provisions of the certificate and of the constitution and by-laws of the association, and that she never made application to be reinstated, and never was reinstated, and the defendant denies that Fern Teter was, at the time of her death, or at any other time, a member of the association or entitled to any of its benefits.

Defendant also sets out what it claims to be the provisions of its constitution and by-laws.

The plaintiff for reply says, that without waiving or in any manner foregoing the denials, or any of the denials, implied by law in her behalf to the allegations, all and singular, in defendant's answer, and inconsistently with such denial or denials, pleads and replies to said answer as follows:

"That the defendant, as to the said Fern Teter and as to the beneficial certificate in question, waived each and all the requirements and provisions contained in the sections of defendant's constitution, that are copied and set forth in defendant's answer, in that the defendant, well knowing that the said Fern Teter had never been presented for initiation or obligation in any of defendant's local lodges, and in fact never had been initiated or obligated in any of defendant's local lodges, nevertheless placed said certificate in the hands of one Gale B. Brown, a duly authorized and acting deputy of defendant, for delivery to said Fern Teter, and the said Gail B. Brown, deputy as aforesaid, well knowing that the said Fern Teter had never been initiated or obligated in any of defendant's local lodges, and without requiring her to sign her name to the formal acceptance written or printed in said certificate, delivered to her the said certificate, and she accepted the same from him, said deputy, and in consideration of the same, paid to him all moneys and dues required of and from regular holders of certificates of such class by the defendant's constitution, and the moneys so paid by said Fern Teter in consideration of said certificate, delivered as aforesaid to her, were accepted by the defendant by and through its said deputy, Gale B. Brown.

"And at the time said certificate was delivered to said Fern Teter, it was not contemplated by either herself or the defendant, that she should ever be ritualistically initiated or obligated in defendant's local lodge, known as Home Lodge of Cedar Rapids, but it was contemplated by both defendant and herself, that she should be taken, held, and considered a member of said Home Lodge of Cedar Rapids, as fully, to all intents and purposes pertaining to insurance, as if regularly initiated and obligated in the ritualistic work of said Home Lodge.

"Wherefore, plaintiff prays for judgment as in her original petition."

Upon the issues thus tendered, the cause was tried to a jury, and upon the conclusion of the testimony, the court directed a verdict for the plaintiff, and judgment being entered thereon, defendant appeals.

All affirmative matters set out by defendant in its answer, by which it seeks to defeat recovery upon the policy, were denied by operation of law, and the burden of proof rested upon the defendant to show the facts therein alleged. Without proof these allegations cannot be taken as true in the face of the denial. Nor does the pleading by the plaintiff in reply waive this requirement on the part of the defendant, or relieve it of the burden of proving its affirmative defense by evidence offered and admitted upon the trial.

1. PLEADING: answer: statutory denial: necessity of proof notwithstanding reply.

The plaintiff in its reply was particular to insist (though perhaps this was not necessary) upon the statutory denial of affirmative matters pleaded in the answer.

Section 3567 of the Code of 1897 provides: "There shall be no reply except:

"1st. Where a counterclaim is alleged.

"2d. Where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer."

Section 3577 provides for the pleading of new matter in the reply "not inconsistent with the petition, constituting a defense to the matter alleged in the answer; . . . but an allegation of new matter in avoidance shall not be treated as a waiver of the denial of the allegations of the answer implied by law."

In *Parno v. Iowa M. M. Insurance Co.*, 114 Iowa 132, this court had occasion to pass upon this question, and in the first division of the opinion in that case it is said: "It is insisted the matter contained in the reply is insufficient because there is no denial and neither is there a confession with the avoidance.

Where one sets up the matter of waiver or estoppel in a reply, we do not understand that he must couple with it a denial. The law denies all affirmative allegations of the answer, save where a counterclaim is pleaded. *Cassidy v. Caton,* 47 Iowa 22. Manifestly, plaintiff did not wish to confess the averments of the answer. She intended to deny their truth and set up matters which would estop defendant from proving the answers that appear on the face of the application. The law made the denial and the reply set out the facts constituting the estoppel."

The defendant upon the trial offered in evidence what is marked Exhibit D-1, being a printed booklet with paper binding, on the outside of which was written, "Constitution and By-Laws of the Fraternal Banker's Reserve Society, Cedar Rapids, Iowa, for the guidance of the Supreme and Subordinate Lodges and members thereof, Revised October, 1908, by the Supreme Lodge at Sioux City, Iowa." Objection was made to this booklet on the ground that it was not the best evidence, and this objection was sustained, and on the making of plaintiff's case, none of the claimed provisions of the Constitution and By-Laws were admitted in evidence upon the trial. Whether the ruling of the court in this respect be right or wrong, it precludes us from a consideration of this claimed Constitution and By-Laws (although fully set out in the abstract) because by the ruling of the court they never became a part of the record in this cause.

Section 94 contained in the booklet and offered in evidence, as set out in the abstract, is the only provision of the Constitution and By-Laws offered in evidence which makes any provision for the initiation of an applicant in the lodge, and that provision is substantially as follows:

"When the applicant is approved by this society, the Supreme Secretary will, forthwith, issue a certificate of membership, which shall be under the seal of the Supreme Lodge

2. Appeal and error: exclusion of documentary evidence: question reviewable on appeal.

and signed by the Supreme President and Supreme Secretary, and upon the back of such certificate there shall be a copy of the application for membership in a regularly instituted lodge of this society. The Supreme Secretary shall, as soon as issued, forward the certificate to the local secretary of such local lodge. Upon the receipt of the certificate, the secretary shall notify the applicant, who shall present himself for initiation or obligation, and when he is initiated or obligated, and has paid not less than one monthly payment of the certificate, and one month's local dues in advance, and he has in all other particulars complied with the laws, the certificate shall be delivered and shall be in full force and effect upon such delivery. Said certificate shall be signed by the local president and secretary and the member adopted. No certificate shall be delivered to an applicant unless he shall be in good health at the time of delivery.''

It is claimed by the defendant in its answer that Fern Teter never presented herself for initiation or obligation, and in fact, was never initiated in the lodge, and that, therefore, she never became a member of the lodge or entitled to any of its benefits.

The legal effect upon the rights of the certificate holder arising from a failure to present herself for initiation into a lodge cannot be determined in this case for the reason that there is in the record no provision of the by-laws or constitution of the order requiring this as a condition precedent to the full enjoyment of all the rights of a member.

The statute under which societies of this kind are organized, Sec. 1822 of the Code of 1897, provides as follows:

3. INSURANCE: fraternal beneficiary association: conditions to membership: "initiation."

"A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, *and having a lodge system*, with ritualistic form of work and representative form of government.''

While the law requires that societies of this sort have a lodge system and a ritualistic form of government, the statute does not require that those who present themselves for membership in the lodge shall, before becoming members of the lodge, avail themselves of the lodge laws or initiation and take the ritualistic work, if any, provided. What the ritualistic work may be, or what shall be required of an applicant to become a member of a local lodge, through the instrumentality of initiation and ritualistic work, is left to the organization itself to determine and prescribe.

It will be noticed that in the certificate issued, the rights of the plaintiff were not made to depend upon initiation. The initiation, if any provided for, may be waived and the applicant may be made a full member of the lodge (which we consider essential) without going through formal initiation and without taking the ritualistic work. The certificate provides:

"Fern Teter of Ottumwa, Iowa, is accepted as a member of the Home Lodge No. 101, located at Cedar Rapids, State of Iowa, and is entitled to all the rights, benefits, and privileges of a beneficial member in the Fraternal Banker's Reserve Society, and has designated as beneficiary under this certificate, Catherine Teter, mother, to whom shall be paid, upon satisfactory proofs of the death of said member while in good standing, the sum of $1,000.00."

Therefore, in the absence of any showing of the existence of any law of the order requiring initiation as a condition precedent to the right of enjoying all the rights, privileges and immunities of a member, we must hold, under this certificate, that Fern Teter was a member of the order upon the receipt of the certificate from the Supreme Lodge. We do not mean to hold that the lodge cannot make initiation a condition precedent to membership. Where this is done it is essential to constitute an applicant a member of the lodge and entitled to its privileges, unless waived by the order itself.

See *Shartle v. Modern Brotherhood of America,* reported in 122 S. W., (Mo.) 1139, and cases therein cited.

It is next contended that the certificate to be effectual must not only be signed by the local president and secretary, but by the member adopted.

This contention is based on the provisions of what is claimed to be Sec. 94, but this section not having been admitted in evidence, and not properly before this court for consideration, we cannot say that this was made a condition precedent to plaintiff's right, and therefore cannot base any finding against plaintiff upon this contention.

It is contended by the defendant, however, that after the adverse ruling of the court was made excluding Exhibit D-1, the court did admit in evidence the sections of Exhibit D-1 relied upon; that they are before the court for consideration. This, we think, is a misapprehension of the record. The sections relied upon by the defendant, and which it claims were introduced in evidence, subsequent to the adverse ruling, are Secs. 98, 99, 100 and 133. Before coming to a consideration of this claim, we will say that the court may, in admitting evidence, limit it to a particular purpose, and for the purpose of establishing a particular fact, although not admitted upon the general issue.

4. TRIAL: evidence: receiving for special purpose: effect.

Sections 98, 99, and 100, which were found in Exhibit D-1, the book hereinbefore referred to, were admitted in this way. Gale B. Brown, who was called as a witness for further cross-examination by the defendant, said: "These sections in Exhibit D-1 (which were shown to the witness) were contained in the book that was given me. My best recollection is, that that book that I had was a little book like this (Exhibit D-1). I supposed it contained these sections just as they are here in D-1." Thereupon the court allowed these sections to go into the record, not for the purpose of proving that they were in fact the by-laws of the society, but for the purpose of showing what the witness claimed was the authority under

which he acted in the matters and things done and performed by him as deputy. The court said: "These sections now offered in evidence are permitted for the purpose of showing the understanding of the witness as to the by-laws and constitution in this respect." The court had already held that the proper foundation for the introduction of Exhibit D-1, containing these sections, had not been laid by the defendant and the book was not shown to contain the by-laws and constitution of the society,—not the original and best evidence, at least, of that fact.

Section 133 was contained in Exhibit D-1, and was offered in evidence by the defendant as part of the cross-examination of the witness, Gale B. Brown, called by the plaintiff in rebuttal, and was admitted as a part of the cross-examination. This section reads as follows: "They shall have authority to organize local lodges within their respective territories, and in such territory to collect and receipt for the membership fee as specified in the laws of this society, but have no authority whatever to make any other collections as deputy, and they shall not act outside of their specified territory without written instructions from the superintendent." This refers to the authority of deputies.

The witness Brown testified: "Exhibit D-1 is a copy of the one that I had. I was given this constitution and by-laws and advised of my duty and authority in accordance with this Sec. 133. I think I followed that by-law. I understand that that was my rule to follow, and did follow it." Thereupon it was offered as part of the cross-examination and admitted, limiting it, however, as evidence of what the plaintiff claimed to be his authority, and not substantive evidence that it was in fact a part of the by-law.

We do not find that the constitution or any of the by-laws were properly before the court, except as above limited. We are not, therefore, in a position to determine or say what the by-laws and constitution of this order were. . The defendant in its answer had alleged that it had by-laws and had a

constitution, and set out in its answer what defendant claimed to be the by-laws and constitution of the order, and to defeat plaintiff's recovery, claimed that she had not complied with the by-laws and constitution therein set out and the contract sued on.  The existence of these by-laws and constitution being denied by the plaintiff in its reply, or the law having denied these affirmative allegations of the defendant, it was incumbent upon the defendant to prove their existence, what they were and what they contained, before the court or jury were in any position to say that the plaintiff had not complied with their provisions.

The defendant, however, alleged in its answer that Fern Teter never paid any assessments of any kind or character; that she wholly failed, neglected, and refused to make any payments whatsoever, and that by reason thereof, she had forfeited all rights or claims against the defendant association; that she had been suspended by such failure and refusal to pay, in compliance with the certificate.  This was denied by the reply, and the burden was on the defendant to show this fact in order to defeat recovery.

5. PLEADING: waiver: necessity for special plea: evidence without plea.  Plaintiff further in its reply alleged that the defendant had waived each and all the requirements and provisions contained in the *sections of defendant's constitution that are copied and set forth in the answer.*

There is no plea on the part of the plaintiff of any waiver by the defendant of any of the conditions attached to the certificate set out by the plaintiff in her petition.  The constitution and by-laws were not in evidence.  We are not in a position, under this record, to say what they are, whether waived or not waived.  Proof of waiver of the constitution and by-laws became necessary only upon a showing of what this constitution and by-laws were.  Therefore, so far as the record in this case is concerned, we need not consider whether they were waived or not.

Waiver of any particular matter relied upon as a defense

must be pleaded in order to be available as a waiver. The conditions attached to the certificate on which suit is brought, are essentially a part of the certificate, as also the application attached. The conditions of the certificate are hereinbefore set out. The application is as follows: "I declare that I am, to the best of my knowledge and belief, in sound physical condition, and I further declare and warrant that the above statements, together with the answers made or to be made on the reverse side of the application by me to the physician, are true and shall form the basis of the contract for membership and certificate between me and my beneficiary and all parties who may at any time have an interest therein, and the said society, and any untrue and fraudulent answers, or suppression of facts in regard to my health, personal habits or physical condition, in this application or in any application for restoration to membership made hereafter, or *neglect to make my payments of money on or before the day it becomes due, shall immediately make said benefit certificate null and void,* and *forfeit all payments made thereon,* except as provided therein. I further agree that the certificate hereby applied for shall not be in force until the actual payment to said society of all advance fees and assessments required by its laws, rules and regulations, and the actual delivery of the certificate of me during my good health. I also agree that all the terms and conditions of the certificate hereby applied for shall be binding on me and any further legal holder of the same."

The terms of this application are made a part of the certificate by its terms, as are also the conditions attached to the certificate, all of which are set out by plaintiff in her petition.

The waiver pleaded does not refer to any waiver of any conditions of the certificate, or the application which is made a part of the certificate. The plaintiff says in her reply in which she pleads the waiver, that the defendant waived each and all the requirements and provisions contained in the sections of defendant's constitution that are copied and set forth

in defendant's answer, in that the defendant, well knowing that said Fern Teter had never been present for initiation or obligation . . . in any of defendant's local lodges, and had never been initiated or obligated . . . in any of the defendant's lodges, nevertheless placed the certificate in the hands of its deputy for delivery to Fern Teter, and she accepted the same from him, and paid him all moneys and dues required of and from regular holders of certificates in her class. This reply seems to plead a waiver of a condition alleged in defendant's answer: that to entitle her to become a member and share the benefits of a member under the certificate, it is necessary that she be initiated and obligated. It seems to be the claim of the plaintiff in this reply that this condition was waived by the defendant with a further affirmative allegation that she had, in fact, paid all the money required of her as a holder. Conceding for the purposes of this case that the evidence shows that the defendant did waive this condition of its by-laws, and that upon receipt of the certificate she became a full member of the society, there is no plea that the defendant waived that requirement of its certificate and the conditions attached, and her agreement in the application, that she pay the dues (the monthly payments), at least one month's payment or assessment of a like amount as that which she paid to be initiated, each and every calendar month thereafter, without notice of any kind or character from anyone whomsoever, and her agreement in the application that if she neglected to make any of the payments on or before the day it became due, the certificate should be null and void, and all payments forfeited.

Of course, there was evidence introduced for the purpose of showing a waiver of this obligation to pay, but there was no allegation of such waiver to support such evidence, and without an allegation of the waiver of these provisions of the policy, no evidence of such waiver can be considered. A plea of waiver in effect says that certain matters alleged by the defendant as constituting a default were waived by the de-

fendant, and therefore cannot be considered, but nothing can be held waived of which no plea of waiver has been filed. Proof of a waiver of other and different matters than that alleged cannot be considered as proof of a waiver of matters not alleged to have been waived.

It is true in this case that if the constitution and by-laws were before us in this record for our consideration, we might be able to say that the provisions of the contract are the same as the provisions of the by-laws and constitution, or that the by-laws and constitution were incorporated in and made a part of the certificate and were practically the same, but this we cannot say, for the reason that on the objection of plaintiff they were not allowed to come into this record. Or, in other words, an allegation of a waiver of certain matters is not sustained by proof of the waiver of other matters. The proof must correspond with the allegation made, and be confined to the point in issue.

The question before the court was, what matters alleged by the defendant does the plaintiff claim in its reply were waived?

The plaintiff does not allege that any provisions of the contract sued on, and especially set out in the contract, were waived by the defendant, but simply pleads that the defendant waived the provisions of its by-laws and constitution set out by the defendant in its answer, and seems to limit this waiver to the fact of initiation. It was the duty of the court to dispose of this case on the issues tendered, and upon none other. Proof cannot be considered which does not have its foundation in the allegations made in the pleading. A fact, though proven, if not alleged as a basis for recovery, or a basis for avoiding matters set up by the opposite party, cannot be considered. Where a waiver is relied upon as a matter of defense, or to avoid matters set out in an answer, the waiver must be pleaded and the facts alleged, upon which it is predicated, and if not so pleaded, the party cannot avail himself of the waiver, though it may appear in the evidence.

This question was considered in *Parsons v. Grand Lodge*

*A. O. U. W.,* reported in 108 Iowa 6, the part referred to being on page 9, second division. The court said: "The petition alleges that due notice of death of the deceased was presented to the proper officers of the defendant. This is denied in the answer. To sustain the allegation the plaintiff introduced a letter written by her attorney to the Grand Recorder of the defendant at Waterloo, in which the association was informed of Parson's death, and asked what was needed by way of proofs. To this the recorder responded by saying that Parsons had been suspended for nonpayment of dues and other delinquencies, further stating that if the attorney 'understood the laws of Iowa governing this class of insurance, he would undoubtedly hesitate to have taken an action in the case without further evidence.' Undoubtedly this amounted to a waiver of proofs of loss" (citing cases). "But as a waiver was not pleaded, it cannot be relied upon" (citing cases).

See also *Wilson v. Riddick,* 100 Iowa 697; *Jones v. Peebles,* 30 So. R. 564.

We think the court erred in directing a verdict for the plaintiff upon the issues and proofs submitted. For this reason the case must be reversed.

Other matters argued depend entirely upon the by-laws and constitution of the order, proof of which, as said before, was rejected by the court. We think, however, sufficient showing was made to entitle the plaintiff to have Exhibit D-1, containing what purported to be the constitution and by-laws of the society, admitted in evidence; but that matter is not argued here, and we do not give it further consideration. In view of another trial, we refrain from commenting on the evidence, and we do not give consideration to other questions urged by counsel in argument, as it is not likely that they will occur on another trial.

For the error pointed out we think the case must be reversed and is—*Reversed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.