ANTOINETTE BREZA, Administratrix, Substituted Appellant, v. FEDERAL CATTLE LOAN SOCIETY et al., Appellees.

**JUDGMENT:** Relief—Indivisible Transaction. A party who is entitled to judgment for the return of a promissory note is necessarily entitled, on proper prayer, to a judgment for the return of another note which grew out of the same transaction and was attended by the same conditions.

**JUDGMENT:** Conclusiveness—Unappealed Judgment. Principle reaf-
2 firmed that an unappealed judgment for fraud is conclusive on the
fraud-doer as to all elements of the fraud.

**FRAUD:** False Representations—Reliance. The right to rely' on repre-
3 sentations in one transaction may have a very material bearing on
the right to rely on the same representations in a former transac-
tion between the same parties.

**PLEADING:** Matters Specially Pleadable—Waiver. "Waiver" must
4 be specially pleaded.

Headnote 1: 14 C. J. p. 707. Headnote 2: 34 C. J. p. 923. Headnote
3: 27 C. J. p. 71. Headnote 4: 14 C. J. p. 710.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

NOVEMBER 11, 1924.

OPINION ON REHEARING SEPTEMBER 29, 1925.

ACTION in equity, to rescind contracts of subscription for
stock of the defendant corporation. The decree below granted
the plaintiff partial relief only, and he appealed from so much
of the decree as denied him the full relief prayed. Pending the
appeal, the plaintiff died, and his administratrix has been sub-
stituted.—*Modified and affirmed.*

*W. J. Barngrover* and *E. A. Fordyce,* for appellant.

*Messer, Clearman & Olson* and *Stipp, Perry, Bannister &
Starzinger,* for appellees.

VERMILION, J.—Joseph Breza, the appellant's intestate, and
the plaintiff at the time suit was brought, made two subscriptions
for stock of the appellee corporation, of the par value of $100
per share, for which he agreed to pay $200 per share. On
September 2, 1919, he subscribed for 8 shares, and on October
15, 1919, for 15 shares. He fully paid for the shares first sub-
scribed for. For the stock subscribed for on the second occasion,
he executed two promissory notes, one for $750 and one for
$2,250. We shall refer to the deceased Joseph Breza as the
plaintiff.

It was alleged in the petition that both subscriptions were procured by false and fraudulent representations of the same character, made by the agent of the appellee who took the subscriptions. The relief asked was the rescission of the contracts of purchase of the stock, the return of the notes given, and judgment against the appellee for the amount paid on the subscriptions. The decree below granted the relief prayed, to the extent of awarding to the plaintiff the return of the note for $2,250 only, and denied him further relief.

I.   Since fraud in the procurement of the subscriptions was the only ground upon which a rescission was asked, the decree must, of necessity, have been based on a finding that the fraud was established, at least in the transaction in which the $2,250 note was given. The defendants have not appealed, so that the question of fraud in that transaction is not open for our consideration. The note for $750 was given in the same transaction, and in part payment for the same stock. We do not see any theory upon which, when the right to the return of one of the notes so given was established, the plaintiff was not entitled to the return of the other, also, or to judgment for the amount of it. The fact that the appellee had disposed of the note afforded no defense to the action to rescind. If plaintiff was entitled to rescind the second contract of purchase, as is conclusively established by the decree, he was entitled to a complete rescission, and to such a judgment as would place him *in statu quo,* or make him whole.

*1. JUDGMENT: relief: indivisible transaction.*

II.   With respect to the first purchase of stock and the amount paid for it, the situation is only slightly less plain. The evidence on behalf of plaintiff tended to show that the same representations were made by the agent selling the stock on both occasions; that, on the second, he reaffirmed what he had said on the first.

*2. JUDGMENT: conclusiveness: unappealed judgment.*

It is, of course, true that, where the representations in claimed reliance upon which two contracts were entered into at different times were different, or the facts from which a justifiable reliance on the representations must be found were different, one contract might be voidable for fraud, and the other not; and a finding of fraud, unappealed from, in one instance would

not, in such case, be conclusive, as a matter of law, in the other. The conclusion that the representations relied upon as inducing the instant contracts, and as shown by the testimony, were the same, is one of fact, arrived at from an examination of the record. But that the representations so made were of matters of fact, as distinguished from mere expressions of opinion, and were such as the plaintiff, if in ignorance of their falsity, had a right to rely upon, and that they were knowingly false, and made with intent to deceive, are questions upon which the finding of the lower court is conclusive, and we, therefore, have no occasion to discuss them.

It very satisfactorily appears from the evidence that the representations claimed were made on the occasion of the first subscription; that they were made for the purpose of inducing the plaintiff to enter into that contract; and that they were the effective, moving cause of his doing so. The only discoverable difference in the situation on the two occasions is in respect to the plaintiff's reliance on the representations. At the time of the first purchase, plaintiff was given certain printed matter from which, it is said, he could have discovered, had he read it, that the representations upon which he claimed to have relied were not true. The plaintiff was of foreign birth, and testified that he could not read English, and that the pamphlet given him was not read to him. There was also testimony that, after the first purchase and before the second, he consulted a banker to whom the agent said he had sold stock; and it is claimed plaintiff relied, in making the second purchase, on what the banker told him. The plaintiff testified that, at the time of the second purchase, he was not entirely satisfied with the stock he had previously bought. These circumstances would all go to show less reliance, or less right to rely, on the representations made at the time of the second purchase than at the time of the first. If the plaintiff was entitled, under these circumstances, to rescind the second contract, it would seem plain that he was also entitled to rescind the first; that, if entitled to rescind because of the continued influence and reiteration of the original representations, he was entitled to rescind all of the acts and contracts induced by such representations.

3. FRAUD: false representations: reliance.

III.  It is said by appellees that the evidence shows a waiver by plaintiff of any right to rescind.  No such defense was pleaded.  *Schworm v. Fraternal Bankers Reserve Soc.*, 168 Iowa 579; *Dierksen v. Pahl*, 194 Iowa 713.

**4. PLEADING: matters specially pleadable: waiver.**  Moreover, if the question of waiver were in the case, it would have been, under the facts relied upon to establish it, a complete defense.  Since plaintiff was allowed a measure of relief, the decree below is conclusive that there was no waiver.

The appellant was entitled to a decree for the return of the $750 note, or judgment for that amount, and to judgment for the amount paid on the first subscription.  The judgment so modified is affirmed.—*Modified and affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.